# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **Jessica Wolfe**<br>2454 Woodsdale Road<br>Salem, OH 44460<br><br>    Plaintiff,<br><br>v.<br><br>**Carrington Mortgage Services, LLC**<br>1600 South Douglass Road<br>Suite 200-A<br>Anaheim, CA 92806<br><br>    Defendant. | Case No:  4:23-CV-280<br><br>Judge:<br><br>Magistrate Judge:<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## COMPLAINT FOR MONEY DAMAGES
## AND OTHER RELIEF

The following allegations are based upon Plaintiff's ("Ms. Wolfe") personal knowledge, the investigation of counsel, and information and belief. Ms. Wolfe, through counsel, alleges as follows:

## I. INTRODUCTION

1. Ms. Wolfe has repeatedly been given the runaround from Defendant in her attempts to get a loan modification. Defendant has consistently shown a lack of diligence, failing to conduct proper procedures, incorrectly evaluating her submitted documents, and continually requesting documents it had already received. Additionally, Defendant failed to properly follow any of the required guidelines to respond to Ms. Wolfe's appeal of their loss mitigation determination.

1

## II. PRELIMINARY STATEMENT

2.  Ms. Wolfe institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024.

## III. JURISDICTION

3.  This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. 2614, and 28 U.S.C. 1331 and 1337.

4.  The Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the loan at issue was incurred within this District, and the property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

5.  Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

6.  Ms. Wolfe is a natural person currently residing within this Court's jurisdiction at 2454 Woodsdale Road, Salem, OH 44460.

7.  At all relevant times, Ms. Wolfe was and is a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

8.  At all relevant times, Ms. Wolfe was and is a "borrower" within the meaning of RESPA.

9. Defendant is a company organized under the laws of the United States of America with its principal place of business in California

10. At all relevant times, Defendant was and is a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

11. At all relevant times, Defendant was and is a loan "servicer" of Ms. Wolfe's "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

12. At all relevant times, Defendant was engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

## V. FACTUAL ALLEGATIONS

13. Ms. Wolfe incorporates all other paragraphs in this Complaint by reference as though fully written here.

14. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

15. On or about December 28, 2001 Ms. Wolfe and her husband at the time, Sidney Wolfe financed the residential real property located at 2454 Woodsdale Road Salem, OH 44460 with a note secured by a mortgage (collectively the "Mortgage Loan").

16. Ms. Wolfe and Sidney Wolfe were divorced in 2012.

17. Their Separation Agreement makes clear that "In the event Wife is able to do a loan modification or refinance the property, husband agrees to cooperate in executing any and all documents including a Quitclaim Deed to Wife within the next thirty days to effectuate a transfer of his interest in the real estate to her."

18. Sidney Wolfe executed a Quitclaim Deed to Ms. Wolfe on or around July 11, 2014.

19. Ms. Wolfe has sent a copy of her Separation Agreement, Divorce Decree and Quitclaim Deed to Plaintiff over five times since 2020.

20. The Separation Agreement, Divorce Decree, and Quitclaim Deed make it clear that Sidney Wolfe's interest in the Property has been extinguished.

21. Ms. Wolfe and Sidney Wolfe no longer speak and he will not cooperate in the signing of any documents.

22. Ms. Wolfe applied for a Loan Modification in or around June 2022.

23. Plaintiff told Ms. Wolfe that if it required any other documentation, it would let her know.

24. Plaintiff again insisted upon Ms. Wolfe including Sidney Wolfe on the Loan Modification Agreement and incorrectly listed him as Ms. Wolfe's husband.

25. In a letter dated September 2, 2022 and sent to Ms. Wolfe, Plaintiff enclosed a Final Loan Modification Agreement.

26. This letter also contained two name affidavits that Plaintiff required to be signed.

27. One of the two name affidavits is for Sidney Wolfe.

28. Ms. Wolfe does not have reliable means to speak to Sidney Wolfe.

29. Plaintiff failed to exercise reasonable diligence in reviewing the documentation they have received approximately five times.

30. This documentation is including, but not limited to; Ms. Wolfe's Quitclaim Deed, her Divorce Decree, and her Separation Agreement.

31. Plaintiff has in its possession multiple documents that make it clear Sidney Wolfe is not Ms. Wolfe's husband.

32. As a result of Plaintiff's lack of diligence, Ms. Wolfe is unable to accept the terms of the Loan Modification.

33.  Ms. Wolfe cannot compel Sidney Wolfe to sign any documentation.

34. Sidney Wolfe's signature is required for Ms. Wolfe to accept a Loan Modification.

35. Plaintiff's lack of diligence lead to Sidney Wolfe being included as Ms. Wolfe's husband on the documents.

36. Plaintiff's lack of diligence lead to inaccuracies on the Loan Modification Agreement.

37. Due to these inaccuracies, Ms. Wolfe appealed the decision on her loss mitigation application or around July 20, 2022.

38. Plaintiff notified Ms. Wolfe that it received her appeal letter and said it would respond to this appeal on or before August 31, 2022.

39. Plaintiff never identified the personnel that initially evaluated Ms. Wolfe's complete loss mitigation application as required.

40. Plaintiff never enlisted new personnel to conduct the requested independent evaluation as required.

41. On or around September 22, 2022, Plaintiff sent a letter to Ms. Wolfe saying that it had sent a new Loan Modification Agreement to Ms. Wolfe, but that more documentation was needed to complete the Agreement.

42. Plaintiff's letter did not identify what documentation was allegedly required.

43. Ms. Wolfe received a second Loan Modification offer that again required Sidney Wolfe's signature.

44. Ms. Wolfe sent a second appeal to Plaintiff for the same inaccuracies as before.

45. Ms. Wolfe never received any response to her second appeal whatsoever.

46. Instead, Plaintiff continued the foreclosure process including an Order of Sale in or around mid-January 2023.

47. On or around January 26, 2023, Plaintiff contacted Ms. Wolfe and alleged that they *had not received any documentation from her at all* regarding her loss mitigation application.

48. As a result of Defendant's actions, Ms. Wolfe has suffered actual damages, including but not limited to: Defendant continuing to assess fees, costs, and interest on Ms. Wolfe's account.

49. As a result of Defendant's actions, Ms. Wolfe suffers from severe emotional distress, including anxiety, stress, and sleepless nights.

50. As a result of Defendant's actions, Ms. Wolfe incurred the legal fees and expenses of bringing this lawsuit.

## VI. FIRST COUNT – RESPA Loss Mitigation

51. Ms. Wolfe incorporates all other paragraphs in this Complaint by reference as though fully written here.

52. Defendant's actions described in this Complaint constitute violations of RESPA, 12 U.S.C. § 1601, *et seq*., and Regulation X, and 12 C.F.R. § 1024.41.

53. By failing to exercise reasonable diligence in obtaining documents and information to allegedly complete the application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(1).

54. By failing to identify what additional documents Ms. Wolfe needed to submit to make the Application complete, Defendant violated Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

55. By failing to exercise reasonable diligence in obtaining documents and information not in Ms. Wolfe's control, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(4)(i).

56. By failing to conduct an independent evaluation after Ms. Wolfe appealed the denial of the loan modification request, Defendant violated Regulation X, 12 C.F.R. § 1024.41(h)(3).

57. By failing to send notice of its determination of Ms. Wolfe's request for an appeal, Defendant violated Regulation X, 12 C.F.R. § 1024.41(h)(3).

58. By failing to send correct and timely notice of receipt of Ms. Wolfe's complete loss mitigation application, Defendant violated Regulation X, 12 C.F.R. § 1024.41(c)(3).

59. Defendant regularly fails to evaluate and process its borrowers' loss mitigation applications in compliance with RESPA and Regulation X.

60. Defendant regularly fails to administer foreclosure lawsuits it brings against borrowers in compliance with RESPA and Regulation X.

61. Defendant has engaged in a pattern or practice of non-compliance with the requirements of RESPA and Regulation X.

62. As a result of Defendant's actions, Ms. Wolfe incurred actual damages, including but not limited to, foreclosure defense costs, increased arrearages on loan, capitalized costs, loss of equity, lost wages, increased interest on principal, etc.

63. As a result of Defendant's actions, Ms. Wolfe suffers severe emotional distress, including anxiety, stress, headaches, panic attacks, and sleepless nights

64. Due to these violations, Defendant is liable to Ms. Wolfe for actual damages to be determine at trial, additional damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f).

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Ms. Wolfe respectfully prays that this Court:

65. Assume jurisdiction of this case;

66. Award Ms. Wolfe maximum damages on the Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotion, general, punitive, and other damages;

67. Award Ms. Wolfe actual damages to be established at trial including pursuant to 12 U.S.C. § 2605(f);

68. Award Ms. Wolfe statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

69. Award Ms. Wolfe additional damages and costs;

70. Award such other relief as the court deems appropriate.

Dated this February 13, 2023.

Respectfully Submitted,
KOHL & COOK LAW FIRM, LLC

_s/ Andrew J. Gerling_
Andrew J. Gerling (0087605)
1900 Bethel Road
Columbus, Ohio 43226
PH: (614) 614-407-3219
andrew@kohlcook.com
*Attorney for Jessica Wolfe*

**JURY TRIAL DEMANDED**

The Ms. Wolfe respectfully request a jury trial on all triable issues.


_s/ Andrew J. Gerling_
Andrew J. Gerling (0087605)